## LOVELESS v KIRK

Ohio Appeals, 1st Dist, Hamilton Co
No 3697.  Decided July 7, 1930

Harmon, Colston, Goldsmith & Hoadley, Cincinnati, for Loveless.

W. Donald Hall and Albert Castellini, both of Cincinnati, for Kirk.

ROSS, J.

There was no evidence that the place where defendant in error attempted to cross the street was not at a "point otherwise designated"—as a pedestrian crossing, and the ordinances should not have been admitted in evidence.

The plaintiff in error testified that his automobile was parked on Fourth Street some 100 feet east of the place where the defendant in error was struck, and that vehicles were double parked in front of him.

We quote from the testimony of the plaintiff in error:

"Q. Now, after you had gotten out in the street just state what you did.

A. Well, because of the view being blocked, and knowing there was a car stop there, I moved along slowly.

Q. Can you tell us how fast you were going at that time?

A. 10 to 12 miles an hour.

Q. Now continue. A. Not over that.

'Q. You continued westwardly then?

A. Westwardly, and because of the view being blocked by that car I was moving slowly, and at any rate, I would not be moving very fast, having just got the car from a standing position.

> Mr. Hall: I ask that the witness be instructed just to tell the jury what occurred.

A. I was driving slowly because of the fact I did not know what was in the open space to the car stop, and when I got to the point where I could see by this automobile parked truck, which was just a very short distance from the front of the grocery, this man had just stepped into the street, and he stepped in the street and walked straigth out in front of the grocery toward the car tracks with his head turned over his right shoulder looking straight west on 4th Street as if something was attracting his attention. Not once did he turn his head from that position."

The court made the following statement in the general charge which is assigned as prejudicial error by plaintiff in error:

"Now, in determining the conduct of the parties in this case, you ladies and gentlemen will be called upon to consider and determine whether or not the plaintiff is entitled to recover under that doctrine of the law known as the doctrine of last clear chance.

"In connection with that doctrine the court instructs you that even though you find that the plaintiff was negligent in going into the street where he did, and you further find that he failed to look before he went into the street, yet, if you find by a preponderance of the evidence that the defendant saw the plaintiff's position and actions in time to stop his automobile and avoid injuring the plaintiff, and that he failed so to do, then, under this doctrine of last clear chance the plaintiff would still be entitled to recovre and your verdict should be for him and against the defendant."

The evidence of plaintiff in error would have warranted even a more liberal charge in favor of the defendant in error.

"Wilful tort involves the element of malice or ill-will, but it is not necessary to show actual malice or ill-will. It may be shown by indifference to the safety of others after knowledge of their danger, or failure after such knowledge to use ordinary care to avoid injury."

"When defendant's conduct amounts to wilfulness, and when injury is occasioned by his conscious wrongdoing, the plaintiff's negligence is no defense."

**Payne, Director General, v. Vance, 103 Oh St., 59,** syllabus 3 and 4.

Even if the defendant in error were guilty of conrtibutory negligence, in that he did not use proper precaution for his safety before crossing the street and the evidence that he did so be disregarded, such negligence was not a continuing negligence and the charge upon the doctrine of last chance was proper. **Cleveland Railway Co. v. Wendt, 120 Oh St, 197.**

We find no error in the record, prejudicial to the plaintiff in error, and the judgment is affirmed.

Cushing, PJ, and Hamilton, J, concur.